FILED

UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA

2014 OCT 14  A 11: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

INFORMATICA CORPORATION,

Plaintiff,

v.

BAE SYSTEMS, INC.

Defendant.

No. 1:14-cv-1342
(GBL/JFA)

DEMAND FOR JURY TRIAL

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

For its Complaint, Plaintiff Informatica Corporation alleges as follows:

1. Plaintiff brings this action for copyright infringement because Defendant used and continues to use Plaintiff's software products beyond the amount authorized by Plaintiff through license agreements, and refuses to pay for the additional use of the software products and related services.

2. Plaintiff seeks payment for Defendant's use of Plaintiff's products and related services.

## PARTIES

3. Plaintiff Informatica Corporation provides data integration software products and services. Plaintiff is a corporation organized under the laws of the State of Delaware, with a principal place of business in Redwood City, California.

4. Defendant BAE Systems, Inc., a subsidiary of BAE Systems plc, provides products and services to the United States government. Defendant is a corporation organized under the laws of the State of Delaware, with a principal place of business in Arlington, Virginia.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101.

6. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because the Defendant conducts business within this judicial district, they or their agents or affiliates can be found in this judicial district, and acts giving rise to this Complaint occurred within this judicial district.

## FACTS

### A. PLAINTIFF'S OWNERSHIP AND LICENSING OF THE COPYRIGHTED WORKS

8. Plaintiff owns and possesses copyright rights in PowerCenter software, which provides data integration capabilities.

9. Plaintiff applied for copyright registration of the PowerCenter Software on September 24, 2014..

10. Plaintiff has authorized IPI Grammtech LTD (Grammtech) to sell PowerCenter software and software maintenance services to the government and authorized government contractors under Grammtech's contract with the General Services Administration.

11. In 2003, Defendant purchased licenses to use PowerCenter software and software maintenance services for use on or in support of a government contract for the United States Navy.

12. Defendant has periodically purchased upgrades to the PowerCenter licenses and maintenance services that permitted additional use of the software, including in 2006 and 2007.

13. On January 3, 2005, Defendant executed a "License to Use Informatica Software," which expressly provides in part:

> Customer may only run one copy of the Software on a single server with a single repository for each copy licensed. Additional Installations of the Software or additional repositories shall require additional software licenses. Except for a reasonable number of copies of the Software for back-up purposes, Customer shall have no right to copy the Software.

14. On December 7, 2009, Grammtech responded to Defendant's request for a quotation for the following upgrades to previously purchased licenses for a version of the software entitled "PowerCenter 8 Advanced Edition": (1) PowerCenter 8 Advanced Edition Multi-Core Repository Multi-OS Production License; (2) PowerCenter 8 Advanced Edition Multi-Core Multi-OS Production License for four central processing units (CPUs); and (3) PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS License.

15. On December 7, 2009, Grammtech responded to Defendant's request for a quotation for software maintenance services for the PowerCenter 8 Advanced Edition Multi-Core software license upgrades.

16. On December 17, 2009, Defendant issued a purchase order to Grammtech for the purchase of the upgraded PowerCenter 8 Advanced Edition Multi-Core Licenses as quoted by Grammtech on December 7, 2009.

17. On December 17, 2009, Defendant issued a purchase order for software maintenance services for the PowerCenter 8 Advanced Edition Multi-Core Licenses as quoted on December 7, 2009.

18. On December 29, 2009, Plaintiff sent Defendant an email, which included a "Customer Welcome Letter," instructions on how to download the purchased software, and a document entitled "Informatica Global Support Overview."

19. The upgraded PowerCenter 8 Advanced Edition Multi-Core Repository Multi-OS Production License authorizes Defendant to install and use the software on one production repository.

20. The upgraded PowerCenter 8 Advanced Edition Multi-Core Multi-OS Production License authorized Defendant to install and use the software on four CPUs.

21. The upgraded PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS License authorized Defendant to install and use the software solely for development, testing, or quality assurance on one laboratory repository.

22. Defendant downloaded the PowerCenter 8 software on to its systems on July 13, 2010 pursuant to the PowerCenter 8 Advanced Edition Multi-Core Multi-OS Production License and the PowerCenter 8 Advanced Edition Multi-Core Repository Multi-OS Production License.

23. Defendant downloaded the PowerCenter 8 software on to its systems on September 16, 2010 pursuant to PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS License.

### B. DEFENDANT'S UNLICENSED USE OF THE SOFTWARE

24. On February 21, 2014, Plaintiff informed Defendant that Plaintiff would conduct a Software License Review, with the assistance of Defendant, to determine Defendant's compliance with the upgraded licenses.

25. Defendant cooperated with the Review and ran utility tools on its system, which queried Defendant's information technology system and produced data on the use of the software.

26. The data Defendant provided to Plaintiff and produced by the utility tools used by Defendant indicates that Defendant has installed the software on eight CPUs. Defendant is

exceeding the use authorized by the PowerCenter 8 Advanced Edition Multi-Core Multi-OS Production License by four CPUs.

27. Defendant's has used the software on four CPUs without a license since at least November 11, 2010.

28. The data Defendant provided to Plaintiff and produced by the utility tools used by Defendant indicates that Defendant has installed the software on four laboratory repositories. Defendant is exceeding the use authorized by the PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS License by three repositories.

29. Defendant has used the software on three laboratory repositories without a license since at least since November 11, 2010.

30. Plaintiff has been providing software maintenance services in support of Defendant's use of the PowerCenter 8 Advanced Edition software, including the entire period of the unlicensed use.

31. The United States has not authorized and consented to some or all of Defendant's unlicensed use of the PowerCenter 8 software.

C.  **VALUE OF THE UNLICENSED USE**

32. Plaintiff's commercial list price for a PowerCenter 8 Advanced Edition Multi-Core Multi-OS Production License is $40,000 per additional CPU. The standard cost for the unlicensed use by Defendant for four CPUs is $160,000.

33. Plaintiff's commercial list price for a PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS License is $75,000 per laboratory repository. The standard cost for the unlicensed use by Defendant for three laboratory repositories is $225,000.

34. Plaintiff's commercial list price for the software maintenance for the unlicensed software for the period of unlicensed use of the software is $346,000.

### D. DEFENDANT'S REFUSAL TO ACKNOWLEDGE OR PAY FOR THE UNLICENSED USE

35. On May 6, 2014, Plaintiff informed Defendant of the unlicensed use of its software products and requested payment in the amount of $731,500 for the standard commercial price for the unauthorized use and maintenance services. Plaintiff also informed Defendant that Plaintiff was willing to negotiate with Defendant the terms and the amount of the payment.

36. Defendant refused to pay, negotiate the amount or terms of payment, or provide Plaintiff with its justification for not paying the invoice.

37. Through a series of correspondence and communications, Plaintiff has attempted to resolve its claim for payment for the unlicensed use of its software and supporting services.

38. In response to these attempts, Defendant continues to refuse to pay, negotiate the amount or terms of payment, or provide Plaintiff with its justification for not paying the invoice.

39. At no time during these discussions or in correspondence over Defendant's liability for its unlicensed use of the software and maintenance services has Defendant denied the extent of its use of the software.

## COUNT I
### (Copyright Infringement – 17 U.S.C §§ 106 and 501)

40. Plaintiff repeats and realleges the prior averments of this Complaint as if fully set forth in this count.

41. Defendant has infringed Plaintiff's copyright of the PowerCenter 8 Advanced Edition Multi-Core Multi-OS software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501 without the authorization and consent of the Government.

42. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

43. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

44. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## COUNT II
### (Copyright Infringement – 17 U.S.C §§ 106 and 501)

45. Plaintiff repeats and realleges the prior averments of this Complaint as if fully set forth in this count.

46. Through their conduct averred herein, Defendant has infringed Plaintiff's copyright of the PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501 without the authorization and consent of the Government..

47. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

48. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

49. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

1. For damages in such amount as may be found, or as otherwise permitted by law resulting or arising from Defendant's unlicensed use of the PowerCenter 8 software without the authorization and consent of the Government..

2. For prejudgment interest according to law.

43. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

44. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## COUNT II
### (Copyright Infringement – 17 U.S.C §§ 106 and 501)

45. Plaintiff repeats and realleges the prior averments of this Complaint as if fully set forth in this count.

46. Through their conduct averred herein, Defendant has infringed Plaintiff's copyright of the PowerCenter 8 Advanced Edition Multi-Core Development and Test Multi-OS software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501 without the authorization and consent of the Government..

47. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

48. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

49. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

1. For damages in such amount as may be found, or as otherwise permitted by law resulting or arising from Defendant's unlicensed use of the PowerCenter 8 software without the authorization and consent of the Government..

2. For prejudgment interest according to law.

3. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Jason A Carey
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7215 (telephone)
(202) 496-7756 (facsimile)

*Attorney for Informatica Corporation*